Kirk D. Miller
*Kirk D. Miller, P.S.*
421 W. Riverside Ave., Ste. 704
Spokane, WA 99201
(509) 413-1494
kmiller@millerlawspokane.com

# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KAREN CATON, | ) |
|       Plaintiff, | ) Case No.: |
| vs. | ) COMPLAINT |
| NATIONAL CREDIT SYSTEMS, INC, a Georgia Corporation, | ) (JURY DEMANDED) |
|       Defendant. | ) |

Plaintiff Karen Caton, through her attorney, Kirk D. Miller of *Kirk D. Miller, P.S.* alleges the following:

## I. COMPLAINT

1.1. This is an action for damages and remedies against National Credit Systems, Inc. (hereinafter "NCS"), pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq.

## II. JURISDICTION & VENUE

2.1. Jurisdiction of this Court arises under 15 U.S.C. §1692k (d), 28 U.S.C. §1337, and 28 U.S.C. §1331. Supplemental jurisdiction exists

COMPLAINT 1

1   for state law claims pursuant to 28 U.S.C. §1367. Declaratory relief is

2   available pursuant to 28 U.S.C. §2201 and §2202.

3   2.2. Venue is proper in this District under 28 U.S.C. §1391(b) because the

4   Defendant conducts affairs and transacts business in this District, the

5   unlawful acts giving rise to this Complaint occurred in this District,

6   and the Plaintiff resides within the territorial jurisdiction of the Court.

### III. PARTIES

3.1. Plaintiff Karen Caton is a resident of the state of Washington, residing within the territorial jurisdiction area of the United States District Court for the Eastern District of Washington.

3.2. Plaintiff Karen Caton is a natural person.

3.3. The Defendant alleged that Karen Caton was obligated to pay a debt.

3.4. Plaintiff Karen Caton is a "consumer" as defined by the FDCPA 15 U.S.C. § 1692a(3).

3.5. The alleged debt was an obligation of Plaintiff to pay money arising out of a transaction primarily for personal, family, or household purposes.

3.6. Defendant NCS is a collection agency that is licensed to conduct business in the state of Washington.

COMPLAINT 2

3.7. Defendant NCS attempted to collect a "debt" from Plaintiff as defined by FDCPA 15 U.S.C. §1692a(5).

3.8. Defendant NCS regularly uses the telephone in its attempts to collect debts.

3.9. Defendant NCS uses instrumentalities of interstate commerce or the mails in its business.

3.10. Defendant NCS uses the mail in its attempts to collect debts.

3.11. Defendant NCS is a Georgia corporation engaged in the business of collecting debts that are originally owed to another.

3.12. Defendant NCS regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

3.13. Defendant NCS is a "debt collector" as defined by the FDCPA 15 U.S.C. §1692a(6).

## IV. FACTS

4.1. On May 19, 2014, Defendant NCS called Plaintiff Karen Caton and left a voicemail message on Plaintiff's cellular telephone.

4.2. The May 19, 2014 call made by NCS was not an attempt to obtain location information.

4.3. On or before May 19, 2014, Defendant knew Plaintiff's home address.

COMPLAINT 3

4.4. Defendant NCS did not provide at any time during the May 19, 2014 phone call to Plaintiff Karen Caton any meaningful disclosure of its identity.

4.5. The May 19, 2014 voicemail was not a formal pleading made in connection with a legal action.

## V. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

5.1. Defendant communicated with Plaintiff in connection with the collection of an alleged debt.

5.2. Defendant failed to provide the disclosures required by 15 USC §1692d(6).

5.3. The debt collector, Defendant NCS, through its own acts, and through its policies and procedures, has violated the FDCPA.

## VI. DEMAND

WHEREFORE, Plaintiff demands judgment as follows:

6.1. Statutory damages pursuant to the FDCPA, 15 USC §1692k(a)(1);

6.2. Statutory damages against Defendant NCS in the amount of one thousand dollars ($1,000.00), pursuant to the FDCPA 15 USC §1692k(a)(2)(A);

6.3. Costs and reasonable attorney's fees pursuant to the FDCPA, 15 USC §1692k(a)(3);

COMPLAINT 4

6.4.  For such other and further relief as may be just and proper.

DATED this 12th day of June, 2014.

*Kirk D. Miller, P.S.*


/s Kirk D. Miller
Kirk D. Miller, WSBA #40025
Attorney for Plaintiff

COMPLAINT 5